# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Cyber Apps World, Inc., | Case No.: 2:21-cv-01201-JAD-VCF |
| Plaintiff | |
| v. | **Order Granting Motion to Transfer Venue** |
| EMA Financial, LLC, | [ECF No. 4] |
| Defendant | |

Cyber Apps World, Inc. (CAW), a Nevada corporation, sued EMA Financial, LLC for breach of a share-purchase agreement, breach of the implied covenant of good faith and fair dealing, and fraud in Nevada state court.[1] CAW alleges that it sought to prepay a convertible note provided by EMA, but EMA refused to accept prepayment in violation of both the note and the share-purchase agreement.[2] EMA then sent several different conversion notices to CAW, some of which were incomplete and later cancelled, all apparently in an effort to get the best price.[3] As a result, CAW alleges that it experienced a market-capitalization decrease of more than $15 million.[4]

EMA—a Delaware limited-liability company whose only members are citizens of New York—removed the action to this court.[5] It now seeks to transfer venue to the United States District Court for the Southern District of New York (SDNY) under the share-purchase

---

[1] ECF No. 1-2 at ¶¶ 1, 25–46.
[2] *Id.* at ¶¶ 14–15.
[3] *Id.* at ¶¶ 16–24.
[4] *Id.* at ¶¶ 24, 46.
[5] ECF No. 1; ECF No. 4.

agreement's forum-selection clause, and CAW opposes the clause's enforcement.[6] Because I find that the forum-section clause is valid and enforceable, I grant the motion and transfer this case to the SDNY.

## Discussion

28 U.S.C. § 1406(a) authorizes district courts to dismiss or transfer a case that has been brought in an improper venue to one "in which it could have been brought."[7] Motions to transfer lie within the district court's discretion and require an "individualized, case-by-case consideration of convenience and fairness."[8] The relevant factors thus depend on the facts of each particular case.[9] The plaintiff bears the burden of showing that venue is proper,[10] and the party moving to transfer must demonstrate that the case could have been brought in the proposed transferee district.[11] Generally, a judicial district is a proper venue for a civil action if it is one in which: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; or (2) "a substantial part of the events or omissions giving rise to the claim occurred,

---

[6] ECF No. 4; ECF No. 6; ECF No. 7; *see* ECF No. 1-3 at 16 (share-purchase agreement forum-selection clause) ("This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada without regard to principles of conflicts of laws thereof or any other State. Any action brought by any party against any other party hereto concerning the transactions contemplated by this Agreement shall be brought only in the state courts located in the state and county of New York or in the federal courts located in the state and county of New York.").

[7] 28 U.S.C. § 1406(a); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (noting that the decision to dismiss or transfer under § 1406(a) is within the district court's discretion).

[8] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

[9] *Compare Jones*, 211 F.3d at 498 (setting forth a non-exhaustive list of private and public-interest factors), *with Decker Coal Co.*, 805 F.2d at 843 (setting forth relevant considerations in breach-of-contract action); *see also Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (both identifying relevant considerations on the facts of the particular case).

[10] *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

[11] *See Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

or a substantial part of the property that is the subject of the action is situated . . . ."[12] If neither of those two bases applies, then venue is properly laid in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[13]

The venue analysis becomes simpler when the dispute arises from a contract containing a forum-selection clause. Federal law governs the enforceability of forum-selection clauses.[14] A forum-selection clause is presumptively valid and must be enforced "absent a strong showing that it should be set aside."[15] Three scenarios can overcome this presumption: (1) the clause itself is a "product of fraud or overreaching," (2) "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced," or (3) enforcement would violate a "strong public policy" of the forum state.[16]

CAW does not deny the existence, validity, or scope of the share-purchase agreement's forum-selection clause and does not argue that it would be deprived of its day in court if this case is transferred.[17] But CAW contends that the forum-selection clause should not be enforced because (1) it was the product of fraud or overreaching[18] and (2) the choice-of-law clause

---

[12] 28 U.S.C. § 1391(b)(1)–(2).

[13] *Id.* at § 1391(b)(3).

[14] *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)).

[15] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 914 (9th Cir. 2019).

[16] *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)).

[17] ECF No. 6.

[18] *Id.*

requires Nevada law be applied, and the New York forum-selection clause thus offends Nevada public policy.[19]  Neither argument prevails.

**I.  CAW hasn't demonstrated that the forum-selection clause was a product of fraud.**

"To establish the invalidity of a forum[-]selection clause on the basis of fraud or overreaching, the party resisting enforcement must show that the *inclusion of that clause in the contract* was the product of fraud or coercion."[20]  Though CAW asserts a claim for fraud regarding the conversion notices,[21] it does not allege that EMA committed fraud or overreached while negotiating the insertion of the forum-selection clause.  CAW argues that EMA overreached and had "undue bargaining power" under the agreement because "[t]he terms of the contract," such as the allocation of fees and costs, "are all favorable" to EMA.[22]  But mere "claims of power differential" are "not enough to overcome the strong presumption in favor of enforcing forum[-]selection clauses."[23]  CAW's conclusory allegations are thus insufficient to show that EMA procured the forum-selection clause fraudulently or by overreaching.

**II.  CAW hasn't shown that transfer would offend Nevada public policy.**

Unless the party opposing transfer can "point to a statute or judicial decision that clearly states . . . a strong public policy" that would be offended by transfer, the forum-selection clause should control.[24]  CAW does not point to a Nevada statute or judicial decision to show Nevada's

---

[19] *Id.* at 3–6.

[20] *Petersen*, 715 F.3d at 282 (internal quotation marks omitted).

[21] *See* ECF No. 1-2.

[22]  ECF No. 6 at 4.

[23] *Murphy*, 362 F.3d at 1141.

[24] *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1090 (9th Cir. 2018) (citation omitted); *see Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 50–51 (2013).

public policy concerns; rather, it focuses on the number of cases pending in this district and the proposed-transferee district and suggests that the latter would be forced to consider unfamiliar law in deciding this dispute as a result of the choice-of-law clause.[25] But the relative sizes of the districts weigh in favor of transfer because the caseload in the proposed-transferee district (SDNY) is lower per active district judge than in this district.[26] And our federal system has long presupposed that federal courts will apply various states' laws when sitting in diversity.[27] So CAW has not met its high burden to overcome the presumption in favor of the forum-selection clause's enforcement.

## Conclusion

IT IS THEREFORE ORDERED that defendant EMA Financial, LLC's motion to transfer venue **[ECF No. 4] is GRANTED**. The Clerk of the Court is instructed to **TRANSFER** this case to the United States District Court for the Southern District of New York and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
December 1, 2021

---

[25] ECF No. 6 at 6.

[26] Based on CAW's caseload statistics, the average pending caseload among the five active district judges in this district is nearly 1,000, but the average pending caseload among the 24 active district judges in SDNY is about 800. *See id.*

[27] *In re Cnty. of Orange*, 784 F.3d 520, 523 (9th Cir. 2015).