**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/16/2022

# LAW OFFICE OF
# JEFFREY FLEISCHMANN, P.C.

150 Broadway, Suite 900
New York, New York 10038

JEFFREY FLEISCHMANN

Telephone: (646) 657-9623
Facsimile: (646) 351-0694

---

March 16, 2022

Via ECF:
Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re: *Cyber Apps World, Inc. v. EMA Financial, LLC*
Civil Docket No.: 1:21-cv-10302-VEC

Dear Judge Caproni:

We represent Defendant EMA Financial, LLC with respect to the above-referenced matter. We write to request a stay of discovery pending a decision on the pending motion to dismiss. (ECF No. 33). Plaintiff does not oppose this request. This is the first request for a stay of discovery.

The request for a stay of discovery is made for multiple reasons. First, Plaintiff has asserted a securities fraud claim, and pursuant to the PSLRA, discovery is automatically stayed by the filing of a motion to dismiss. *See e.g. Waldman v Wachovia Corp*., 2009 US Dist LEXIS 1988, at *2 [SDNY Jan. 12, 2009] ("The PLSRA imposes a stay of discovery while a motion to dismiss is pending. Specifically, the statute states: In any private action arising under [federal securities law], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party. Although plaintiffs have suggested numerous alternative scenarios under which the discovery stay may be lifted, this Court is bound by the unambiguous terms of the statute.") Although plaintiff has asserted additional claims, in the interest of efficiency, the parties prefer not to conduct piecemeal discovery.

Additionally, EMA believes that the Court's decision on the motion to dismiss may narrow the scope of discovery. Accordingly, it would be more efficient to stay discovery until the motion is decided.

In the event that the Court grants this unopposed request, the parties respectfully request that both the March 17, 2022 deadline for submission of pre-conference submissions and the initial pre-trial conference currently scheduled for March 25, 2022 (see ECF Doc. No. 29) be adjourned until such time that the Court issues a decision on the pending motion.

We thank the Court for its consideration.

Respectfully Submitted,

By: /s/ Jeffrey Fleischmann
Jeffrey Fleischmann

---

Application GRANTED.

The initial pre-trial conference, currently scheduled for Friday, March 25, 2022 at 10:30 A.M., is adjourned *sine die*. The Court will re-schedule the conference, set the pre-conference submissions deadline, and enter a case management plan with discovery deadlines after the pending motion to dismiss is resolved.

SO ORDERED.

Date: March 16, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE